IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Creative Power Solutions, an Arizona corporation,<br><br>Plaintiff,<br><br>v.<br><br>Energy Services Group, an Arizona limited liability company; Innovative Energy, and Arizona limited liability company; Brent Gregory and Maria Gregory, husband and wife; Christopher Bonilha and Jane Doe Bonilha, husband and wife; Evellyn Ancheschi and John Doe Ancheschi, wife and husband; Brent Allen Gregory and Maria Rosario Gregory, as trustees of the Montaldeo Revocable Trust established on July 25, 2012; Does I through X; and Roe Corporations I through X, inclusive,<br><br>Defendants. | Case No. 2:21-cv-01559-JAT<br><br>TEMPORARY RESTRAINING ORDER WITH AN ASSET FREEZE, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE<br><br>(FILED UNDER SEAL) |

Plaintiff Creative Power Solutions ("CPS") has filed a complaint seeking an injunction and other equitable relief, pursuant to the Civil RICO Act, and an *ex parte* motion for temporary restraining order ("TRO" or "Order") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

This Court has considered the complaint, the TRO motion, and the exhibits, memoranda, declarations, and other submissions filed in support thereof, and now being advised in the premises, finds that:

1. This Court has jurisdiction over the subject matter of this case, there is good cause to believe it will have jurisdiction over Defendants.

2. Venue in the District of Arizona is proper under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. § 53(b).

3. There is good cause to believe that Defendants ESG, LLC; Innovative Energy, LLC; Brent Gregory; Maria Gregory; Christopher Bonilha; Evellyn Ancheschi; and Brent Allen Gregory and Maria Rosario Gregory, Trustees of the Montaldeo Revocable Trust have engaged in acts or practices that violate the Civil RICO Act, and that the Plaintiff is therefore likely to prevail on the merits of this action.

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution and/or disgorgement of ill-gotten gains will occur from the transfer, dissipation, or concealment by Defendants of their assets or business records unless Defendants are immediately restrained and enjoined by Order of this Court; and that in accordance with Fed. R. Civ. P. 65(b), the interest of justice requires that the Plaintiff's TRO Motion be heard *ex parte* without prior notice to Defendants. Therefore, there is good cause for relieving Plaintiff of its duty to provide Defendants with prior notice of the Plaintiff's TRO Motion.

5. Weighing the equities and considering Plaintiff's likelihood of ultimate

2

success, a temporary restraining order with an asset freeze and other equitable relief is in the public interest.

6. On the facts as averred, plaintiff would likely prevail on a claim for unjust enrichment. The diversion by defendants suggests that plaintiff will be unable to recoup any of its funds without prompt injunctive action. This is sufficient to show irreparable harm. This harm substantially outweighs the negligible harm to the defendants from the entry of a restraining order which essentially would consist of loss of the use of the frozen funds for a short period until the parties could be heard on whether a preliminary injunction should issue. On the facts as averred, the public interest would not be affected adversely in any way. Also, the prevention of unjust enrichment by means of fraud or misappropriation, even that affecting only private entities, is in the general public interest.

## ORDER

## ASSET FREEZE

The TRO requested by plaintiff will be granted. The freeze of assets will be limited to the identified $1,738,662.00 in the forensic accounting record and will automatically dissolve upon defendants' escrow of $1,738,662.00.

**IT IS FURTHER ORDERED** that Defendants Brent Gregory and Brent Allen Gregory and Maria Rosario Gregory, as trustees of the Montaldeo Revocable Trust established on July 25, 2012, are hereby temporarily restrained and enjoined from

3

directly or indirectly:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, granting a lien or security interest or other interest in, or otherwise disposing of real property, or

B. Incurring liens or encumbrances on real property, for the following property:

    i. Defendant Brent Alan Gregory and Maria Rosario Gregory, Co-Trustee of **the Montaldeo Revocable Trust**, established July 25, 2012

       (a) Real Property located in Coconino County, Arizona. More particularly described as:

          Lot 14, of SASKAN RANCH, according to the plat of record in the office of the County Recorder of Coconino County, Arizona, recorded as Case 6, Map 22-22A. Attached hereto as "Exhibit B".

       (b) Real Property located in Maricopa County, Arizona. More particularly described as:

          Lot 13, of Scottsdale Mountain Parcel 6B, according to the Plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 384 of Maps, Page 44. Attached hereto as "Exhibit C".

C. Transferring, liquidating, converting, encumbering, pledging, loaning, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds at the named

4

banking institution, for the following personal property;

ii. **Defendant Brent Alan Gregory**

(a) Any and all excess proceeds on a Trustee's Sale held on July 8, 2021, for the Real Property located in Maricopa County, Arizona. More particularly described as:

Lot 508, Verrado Parcel 5.505, according to the final plat thereof recorded in Book 859 of Maps, page 39, and Certificate of Correction recorded in Instrument No. 2006-1322719, official records of Maricopa County, Arizona. Attached hereto as "Exhibit D".

(b) Any financial accounts at BMO Harris.

A. From concealing, dissipating, destroying, or erasing any evidence related to this case, including but not limited to account information, contracts, consumer lists, or financial records wherever located and however maintain, including outside the United States, that are: (1) owned or controlled, directly or indirectly, by any Defendant(s), in whole or in part, or held, in whole or in part for the benefit of any Defendant(s); (2) in the actual or constructive possession of any Defendant(s); or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant(s).

5

## DURATION OF ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on the _____ day of _____, 2021, at _ o'clock a.m./p.m., unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed fourteen (14) calendar days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

## JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED,** this ___ day of _____, 2021.

_____
UNITED STATES DISTRICT JUDGE

6