Lewis Roca Rothgerber Christie LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

**Foster Robberson** (State Bar No. 005939)
Direct Dial: 602.262.5795
Direct Fax: 602.734.3856
Email: FRobberson@lewisroca.com

**Nicholas Scott Bauman** (State Bar No. 032263)
Direct Dial: 602.262.5746
Email: NBauman@lewisroca.com

*Attorneys for Brent Gregory and Maria Gregory, personally
and as Trustees of the Montaldeo Revocable Trust,
established on July 25, 2012, Energy Services Group, and Innovative Energy*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Creative Power Solutions, an Arizona corporation, | No. 2:21-cv-01559-DLR |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| v. | |
| Energy Services Group, an Arizona limited liability company; Innovative Energy, and Arizona limited liability company; Brent Gregory and Maria Gregory, husband and wife; Christopher Bonilha and Jane Doe Bonilha, husband and wife; Evellyn Ancheschi and John Doe Ancheschi, wife and husband; Brent Allen Gregory and Maria Rosario Gregory, as Trustees of the Montaldeo Revocable Trust Established on July 25, 2012; Does I through X; and Roe Corporations I through X, inclusive, | |
| Defendants. | |

For their Answer to Plaintiff's Complaint, Defendants Energy Services Group ("ESG") and Innovative Energy ("Innovative") (collectively, the "Entities") and Brent Gregory and Maria Gregory, individually and in their capacities as Trustees of the Montaldeo Revocable Trust Established in July 25, 2012 (collectively, the "Gregory Defendants") deny all allegations contained in the Complaint unless expressly admitted

115800071.2

herein, and further admit, deny, and allege as follows:

**Parties**

1.      The Entities and Gregory Defendants admit the allegations in paragraph 1.

2.      The Entities and Gregory Defendants admit the allegations in paragraph 2.

3.      In response to the allegations in paragraph 3, the Entities and Gregory Defendants admit that Innovative is an Arizona limited liability company, active in the State of Arizona and deny the remaining allegations in paragraph 3.

4.      The Entities and Gregory Defendants admit the allegations in paragraph 4.

5.      Answering Paragraph 5 of the Complaint, the Entities and Gregory Defendants state that the allegations are vague and ambiguous and lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny them.  The Entities and Gregory Defendants affirmatively state the Brent Gregory also acted on behalf of Plaintiff before the Entities were formed.

6.      The Entities and Gregory Defendants deny the allegations in paragraph 6.

7.      The Entities and Gregory Defendants admit the allegations in paragraph 7.

8.      The Entities and Gregory Defendants deny the allegations in paragraph 8.

9.      The Entities and Gregory Defendants deny the allegations in paragraph 9.

10.     The Entities and Gregory Defendants deny the allegations in paragraph 10.

11.     Paragraph 11 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Entities and Gregory Defendants deny the allegations in paragraph 11.

12.     The Entities and Gregory Defendants deny the allegations in paragraph 12.

13.     Answering Paragraph 13 of the Complaint, the Entities and Gregory Defendants state that the allegations are vague and ambiguous and lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny them.

14.     The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 and therefore

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

deny them.

15.   The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint and therefore deny them.

16.   The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and therefore deny them.

17.   The Entities and Gregory Defendants deny the allegations in paragraph 17.

18.   Answering Paragraph 18 of the Complaint, the Entities and Gregory Defendants state that the allegations are vague and ambiguous and lack knowledge or information sufficient to form a belief about the truth of the allegations and therefore deny them.

19.   The Entities and Gregory Defendants deny the allegations in paragraph 19.

20.   The Entities and Gregory Defendants deny the allegations in paragraph 20.

21.   The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and therefore deny them.

22.   The Entities and Gregory Defendants admit that Brent Gregory is a Trustee of the Montaldeo Revocable Trust established on July 25, 2012 and that the Montaldeo Revocable Trust was assigned a pro-rata share of income and losses.  The Entities and Gregory Defendants deny the remaining allegations in paragraph 22.

23.   The Entities and Gregory Defendants admit that Maria Gregory is a Trustee of the Montaldeo Revocable Trust established on July 25, 2012 and that the Montaldeo Revocable Trust was assigned a pro-rata share of income and losses.  The Entities and Gregory Defendants deny the remaining allegations in paragraph 23.

24.   The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and therefore deny them.

115800071.2

**Jurisdiction and Venue**

25.     The Entities and Gregory Defendants deny the allegations in paragraph 25.

26.     The Entities and Gregory Defendants deny the allegations in paragraph 26.

27.     The Entities and Gregory Defendants deny the allegations in paragraph 27.

28.     Responding to paragraph 28, the Entities and Gregory Defendants admit that some of the events described in the Complaint occurred in Maricopa County, Arizona. The Entities and Gregory Defendants deny the remaining allegations in paragraph 28.

**General Allegations**

29.     The Entities and Gregory Defendants deny the allegations in paragraph 29.

30.     The Entities and Gregory Defendants deny the allegations in paragraph 30.

31.     The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and therefore deny them.

32.     The Entities and Gregory Defendants admit the allegations in paragraph 32.

33.     The Entities and Gregory Defendants admit the allegations in paragraph 33.

34.     The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 and therefore deny them.

35.     The Entities and Gregory Defendants lack knowledge or information sufficient to form a believe about the truth of the allegations in paragraph 35 and therefore deny them.

36.     The Entities and Gregory Defendants admit that Defendants Bonilha and Brent Gregory were removed as members and Defendants Ancheschi and Montaldeo were added as members of ESG but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36 and therefore deny them.

37.     The Entities and Gregory Defendants admit that Defendant Ancheschi was removed as a member of ESG and that Defendant Bonilha was added as a member of ESG but lack knowledge or information sufficient to form a belief about the truth of the

115800071.2

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

remaining allegations in paragraph 37 and therefore deny them.

38.    The Entities and Gregory Defendants admit that Montaldeo received a K-1 for the 2016 tax year for ESG.  The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 and therefore deny them.

39.    The Entities and Gregory Defendants admit that Defendant Bonilha was removed as a member but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 39 and therefore deny them.

40.    The Entities and Gregory Defendants admit that ESG changed its name to Innovative but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 40 and therefore deny them.

41.    The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 and therefore deny them.

42.    The Entities and Gregory Defendants deny the allegations in paragraph 42.

43.    The Entities and Gregory Defendants admit that rates and overtime fluctuated but deny the remaining allegations in paragraph 43.

44.    The Entities and Gregory Defendants deny the allegations in paragraph 44.

45.    The Entities and Gregory Defendants deny the allegations in paragraph 45.

46.    The Entities and Gregory Defendants deny the allegations in paragraph 46.

47.    The Entities and Gregory Defendants deny the allegations in paragraph 47.

48.    The Entities and Gregory Defendants deny the allegations in paragraph 48.

49.    The Entities and Gregory Defendants deny the allegations in paragraph 49.

50.    The Entities and Gregory Defendants deny the allegations in paragraph 50.

51.    The Entities and Gregory Defendants deny the allegations in paragraph 51.

52.    The Entities and Gregory Defendants deny the allegations in paragraph 52.

53.    The Entities and Gregory Defendants admit that Brent Gregory signed an agreement with CPS, but lacks knowledge or information sufficient to form a belief about

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

1    the truth of the remaining allegations in paragraph 53.

2         54.    The Entities and Gregory Defendants lack knowledge or information

3    sufficient to form a belief about the truth of the allegations in paragraph 54 and therefore

4    deny them.

5         55.    The Entities and Gregory Defendants lack knowledge or information

6    sufficient to form a belief about the truth of the allegations in paragraph 55 and therefore

7    deny them.

8         56.    The Entities and Gregory Defendants lack knowledge or information

9    sufficient to form a belief about the truth of the allegations in paragraph 56 and therefore

10   deny them.

11        57.    The Entities and Gregory Defendants lack knowledge or information

12   sufficient to form a belief about the truth of the allegations in paragraph 57 and therefore

13   deny them.

14        58.    The Entities and Gregory Defendants lack knowledge or information

15   sufficient to form a belief about the truth of the allegations in paragraph 58 and therefore

16   deny them.

17        59.    The Entities and Gregory Defendants lack knowledge or information

18   sufficient to form a belief about the truth of the allegations in paragraph 59 and therefore

19   deny them.

20        60.    The Entities and Gregory Defendants lack knowledge or information

21   sufficient to form a belief about the allegations in paragraph 60 and therefore deny them.

22        61.    The Entities and Gregory Defendants lack knowledge or information

23   sufficient to form a belief about the truth of the allegations in paragraph 61 and therefore

24   deny them.

25        62.    The Entities and Gregory Defendants admit that an agreement with Plaintiff

26   provided that Brent Gregory would receive a base salary, compensation for travel

27   expenses, medical and dental insurance, cell phone, and 401(k) contributions.  The

28   Entities and Gregory Defendants lack knowledge or information sufficient to form a belief

115800071.2

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

1    about the truth of the remaining allegations in paragraph 62 and therefore deny them.

2          63.    The Entities and Gregory Defendants admit that Brent Gregory was

3    authorized to incur reasonable expenses for promoting the business, including travel and

4    entertainment expenses, but lack knowledge or information sufficient to form a belief

5    about the truth of the remaining allegations in paragraph 63 and therefore deny them.

6          64.    The Entities and Gregory Defendants admit that Brent Gregory was entitled

7    to vacation time and conference schedules but lack knowledge or information sufficient to

8    form a belief about the truth of the remaining allegations in paragraph 64 and therefore

9    deny them.

10         65.    The Entities and Gregory Defendants lack knowledge or information

11   sufficient to form a belief about the truth of the allegations in paragraph 65 and therefore

12   deny them.

13         66.    The Entities and Gregory Defendants deny the allegations in paragraph 66.

14         67.    The Entities and Gregory Defendants lack knowledge or information

15   sufficient to form a belief about the truth of the allegations in paragraph 67 and therefore

16   deny them.

17         68.    The Entities and Gregory Defendants lack knowledge or information

18   sufficient to form a belief about the truth of the allegations in paragraph 68 and therefore

19   deny them.

20         69.    The Entities and Gregory Defendants deny the allegations in paragraph 69.

21         70.    The Entities and Gregory Defendants deny the allegations in paragraph 70.

22         71.    Answer paragraph 71, the Entities and Gregory Defendants admit that Brent

23   Gregory retired but lack knowledge or information sufficient to form a belief about the

24   truth of the remaining allegations in paragraph 71.

25         72.    The Entities and Gregory Defendants admits that Brent Gregory made a

26   withdrawal from the bank account for compensation that was owed.  The Entities and

27   Gregory Defendants deny the remaining allegations in paragraph 72.

28         73.    The Entities and Gregory Defendants admit that patent number 8739511 for

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

115800071.2

a can-annular combustor with staged and tangential fuel-air nozzles for use on gas turbine engines was granted to Brent Gregory, Toqan Majed, Jonathan Regele, and Ryan Yamane. The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the date on which the patent was granted and deny the remaining allegations in paragraph 73.

74. The Entities and Gregory Defendants admit that patent number 8904799 for a tangential combustor with vaneless turbine for use on gas turbine engines was granted to Brent Gregory, Toqan Majed, Jonathan Regele, and Ryan Yamane. The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the date on which the patent was granted and deny the remaining allegations in paragraph 74.

75. The Entities and Gregory Defendants admit that a patent, number 9052114 for a tangential annular combustor with premixed fuel and air for use on gas turbine engines was granted to Brent Gregory, Toqan Majed, Jonathan Regele, and Ryan Yamane. The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the date on which the patent was granted and deny the remaining allegations in paragraph 75.

76. The Entities and Gregory Defendants admit that a patent, number 9091446 for a tangential and flameless annular combustor for use on gas turbine engines was granted to Brent Gregory, Toqan Majed, Jonathan Regele, and Ryan Yamane. The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the date on which the patent was granted and deny the remaining allegations in paragraph 76.

77. The Entities and Gregory Defendants admit that a patent, number 9181812 for a can-annular combustor with premixed tangential fuel-air nozzles for use on gas turbine engines was granted to Brent Gregory, Toqan Majed, Jonathan Regele, and Ryan Yamane. The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the date on which the patent

was granted and deny the remaining allegations in paragraph 77.

78.     The Entities and Gregory Defendants deny the allegations in paragraph 78.

79.     The Entities and Gregory Defendants deny the allegations in paragraph 79.

80.     The Entities and Gregory Defendants admit that Defendant Brent Gregory has not given the patents to Plaintiff and that Majed Toqan (one of the four inventors) has made multiple requests for Gregory to give up his ownership of the patents.  Defendants deny all other allegations in paragraph 80.

## <u>COUNT I</u>

**Violations of Federal Civil RICO—Conduct of a RICO Enterprise 18 U.S.C. § 1932(c)**

81.     The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

82.     Paragraph 82 states a legal conclusion to which no response is required.

83.     The Entities and Gregory Defendants deny the allegations in paragraph 83.

84.     The Entities and Gregory Defendants deny the allegations in paragraph 84.

85.     The Entities and Gregory Defendants deny the allegations in paragraph 85.

86.     The Entities and Gregory Defendants deny the allegations in paragraph 86.

87.     The Entities and Gregory Defendants deny the allegations in paragraph 87.

88.     The Entities and Gregory Defendants deny the allegations in paragraph 88.

89.     The Entities and Gregory Defendants deny the allegations in paragraph 89 and each of the subparts of paragraph 89.

90.     The Entities and Gregory Defendants deny the allegations in paragraph 90.

91.     The Entities and Gregory Defendants deny the allegations in paragraph 91.

92.     The Entities and Gregory Defendants deny the allegations in paragraph 92.

93.     The Entities and Gregory Defendants deny the allegations in paragraph 93.

94.     The Entities and Gregory Defendants deny the allegations in paragraph 94.

95.     The Entities and Gregory Defendants deny the allegations in paragraph 95.

96.     The Entities and Gregory Defendants deny the allegations in paragraph 96.

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

97.   The Entities and Gregory Defendants deny the allegations in paragraph 97.

98.   The Entities and Gregory Defendants deny the allegations in paragraph 98.

99.   The Entities and Gregory Defendants deny the allegations in paragraph 99.

100.   The Entities and Gregory Defendants deny the allegations in paragraph 100.

101.   The Entities and Gregory Defendants deny the allegations in paragraph 101.

## COUNT II

### Violations of Federal Civil RICO—Acquisition and Maintenance of an Interest in and Control of an Enterprise Engaged in a Pattern of Racketeering Activity 18 U.S.C. § 1961(5), 1962(b)

102.   The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

103.   The Entities and Gregory Defendants deny the allegations in paragraph 103.

104.   The Entities and Gregory Defendants deny the allegations in paragraph 104.

105.   The Entities and Gregory Defendants deny the allegations in paragraph 105.

106.   The Entities and Gregory Defendants deny the allegations in paragraph 106.

107.   Paragraph 107 states a legal conclusion to which no response is required.

108.   The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 and therefore deny them.  The Entities and Gregory Defendants deny that they are liable and that judgment should be entered against them.

## COUNT III

### Violations of Federal Civil RICO—Conduct and Participation in a RICO Enterprise Through a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(c) 225

109.   The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

110.   The Entities and Gregory Defendants deny the allegations in paragraph 110.

111.   The Entities and Gregory Defendants deny the allegations in paragraph 111.

112.   The Entities and Gregory Defendants deny the allegations in paragraph 112.

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

115800071.2

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ☐ ROCA

1    113.    The Entities and Gregory Defendants deny the allegations in paragraph 113.

2    114.    The Entities and Gregory Defendants lack knowledge or information

3    sufficient to form a belief about the truth of the allegations in paragraph 114 and therefore

4    deny them.  The Entities and Gregory Defendants deny that they are liable and that

5    judgment should be entered against them.

6    <u>**COUNT IV**</u>

7    **Violations of Federal Civil RICO—Conspiracy to Engage in a Pattern of**

8    **Racketeering Activity**

9    **18 U.S.C. §§ 1961(5), 1962(d) 231**

10    115.    The Entities and Gregory Defendants incorporate by reference the foregoing

11    paragraphs as if fully set forth herein.

12    116.    The Entities and Gregory Defendants deny the allegations in paragraph 116.

13    117.    The Entities and Gregory Defendants deny the allegations in paragraph 117.

14    118.    The Entities and Gregory Defendants deny the allegations in paragraph 118.

15    119.    The Entities and Gregory Defendants lack knowledge or information

16    sufficient to form a belief about the truth of the allegations in paragraph 119 and therefore

17    deny them.  The Entities and Gregory Defendants deny that they are liable and that

18    judgment should be entered against them.

19    <u>**COUNT V**</u>

20    **Conversion**

21    120.    The Entities and Gregory Defendants incorporate by reference the foregoing

22    paragraphs as if fully set forth herein.

23    121.    Paragraph 121 states a legal conclusion to which no response is required.

24    122.    The Entities and Gregory Defendants deny the allegations in paragraph 122.

25    123.    The Entities and Gregory Defendants deny the allegations in paragraph 123.

26    124.    The Entities and Gregory Defendants deny the allegations in paragraph 124.

27    125.    The Entities and Gregory Defendants deny the allegations in paragraph 125.

28    126.    The Entities and Gregory Defendants deny the allegations in paragraph 126.

115800071.2

127.    The Entities and Gregory Defendants deny the allegations in paragraph 127.

128.    The Entities and Gregory Defendants deny the allegations in paragraph 128.

129.    The Entities and Gregory Defendants deny the allegations in paragraph 129.

### COUNT VI (Incorrectly Numbered "Count V" in Complaint)

### Fraud

130.    The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

131.    The Entities and Gregory Defendants deny the allegations in paragraph 131.

132.    The Entities and Gregory Defendants deny the allegations in paragraph 132.

133.    The Entities and Gregory Defendants deny the allegations in paragraph 133.

134.    The Entities and Gregory Defendants deny the allegations in paragraph 134.

### COUNT VII (Incorrectly Numbered "Count VI" in Complaint)

### Civil Conspiracy

135.    The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

136.    Paragraph 136 states a legal conclusion to which no response is required.

137.    Paragraph 137 states a legal conclusion to which no response is required.

138.    The Entities and Gregory Defendants deny the allegations in paragraph 138.

139.    The Entities and Gregory Defendants deny the allegations in paragraph 139.

140.    The Entities and Gregory Defendants deny the allegations in paragraph 140.

141.    The Entities and Gregory Defendants deny the allegations in paragraph 141.

142.    The Entities and Gregory Defendants deny the allegations in paragraph 142.

143.    The Entities and Gregory Defendants deny the allegations in paragraph 143.

### COUNT VIII (Incorrectly Numbered "Count VII" in Complaint)

### Fraudulent Concealment

144.    The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

145.    The Entities and Gregory Defendants deny the allegations in paragraph 145.

146.    The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 146 and therefore deny them.

147.    The Entities and Gregory Defendants deny the allegations in paragraph 147.

148.    The Entities and Gregory Defendants deny the allegations in paragraph 148.

149.    The Entities and Gregory Defendants deny the allegations in paragraph 149.

150.    The Entities and Gregory Defendants deny the allegations in paragraph 150.

151.    The Entities and Gregory Defendants deny the allegations in paragraph 151.

152.    The Entities and Gregory Defendants deny the allegations in paragraph 152.

153.    The Entities and Gregory Defendants deny the allegations in paragraph 153.

## **COUNT IX (Incorrectly Numbered "Count VIII" in Complaint)**

### **Intentional Interference with a Business Relationship**

154.    The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

155.    Paragraph 155 states a legal conclusion to which no response is required.

156.    Paragraph 156 states a legal conclusion to which no response is required.

157.    The Entities and Gregory Defendants admit the allegations in paragraph 157.

158.    Paragraph 158 states a legal conclusion to which no response is required.

159.    The Entities and Gregory Defendants admit the allegations in paragraph 159.

160.    Paragraph 160 states a legal conclusion to which no response is required.

161.    The Entities and Gregory Defendants deny the allegations in paragraph 161.

162.    Paragraph 162 states a legal conclusion to which no response is required.

163.    The Entities and Gregory Defendants deny the allegations in paragraph 163.

164.    Paragraph 164 states a legal conclusion to which no response is required.

165.    The Entities and Gregory Defendants deny the allegations in paragraph 165.

166.    The Entities and Gregory Defendants deny the allegations in paragraph 166.

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

1 | **COUNT X (Incorrectly Numbered "Count IX" in Complaint)**

2 | **Aiding and Abetting**

3 | 167.   The Entities and Gregory Defendants incorporate by reference the foregoing

4 | paragraphs as if fully set forth herein.

5 | 168.   Paragraph 168 states a legal conclusion to which no response is required.

6 | 169.   Paragraph 169 states a legal conclusion to which no response is required.

7 | 170.   Paragraph 170 states a legal conclusion to which no response is required.

8 | 171.   The Entities and Gregory Defendants deny the allegations in paragraph 171.

9 | 172.   The Entities and Gregory Defendants deny the allegations in paragraph 172.

10 | 173.   Paragraph 173 states a legal conclusion to which no response is required.

11 | 174.   Paragraph 174 states a legal conclusion to which no response is required.

12 | 175.   Answering paragraph 175, the Entities and Gregory Defendants admit that

13 | ESG and Innovative were and are legitimate business entities.  The Entities and Gregory

14 | Defendants deny the remaining allegations in paragraph 175.

15 | 176.   The Entities and Gregory Defendants deny the allegations in paragraph 176.

16 | 177.   The Entities and Gregory Defendants deny the allegations in paragraph 177.

17 | 178.   The Entities and Gregory Defendants deny the allegations in paragraph 178.

18 | **COUNT XI (Incorrectly Numbered "Count X" in Complaint)**

19 | **Breach of Fiduciary Duty**

20 | 179.   The Entities and Gregory Defendants incorporate by reference the foregoing

21 | paragraphs as if fully set forth herein.

22 | 180.   Paragraph 180 states a legal conclusion to which no response is required.

23 | 181.   The Entities and Gregory Defendants deny the allegations in paragraph 181.

24 | 182.   The Entities and Gregory Defendants deny the allegations in paragraph 182.

25 | 183.   The Entities and Gregory Defendants deny the allegations in paragraph 183.

26 | 184.   The Entities and Gregory Defendants deny the allegations in paragraph 184.

27 | 185.   The Entities and Gregory Defendants deny the allegations in paragraph 185.

28 | 186.   The Entities and Gregory Defendants deny the allegations in paragraph 186.

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

115800071.2

187.   Paragraph 187 states a legal conclusion to which no response is required.

### COUNT XII (Incorrectly Numbered "Count XI" in Complaint)

### Breach of Fiduciary Duty

188.   The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

189.   Paragraph 189 states a legal conclusion to which no response is required.

190.   Paragraph 190 states a legal conclusion to which no response is required.

191.   Answering paragraph 191, The Entities and Gregory Defendants admit that Plaintiff had an interest in contracts.  The Entities and Gregory Defendants affirmatively state that Plaintiff's interest in those contracts and remuneration from those contracts was determined by the terms of the contracts, the agreements of the parties, and the parties' course of conduct.  Brent Gregory denies any remaining allegations in paragraph 191.

192.   The Entities and Gregory Defendants admit that he was aware of certain contracts.  The Entities and Gregory Defendants deny any remaining allegations in paragraph 192.

193.   The Entities and Gregory Defendants deny the allegations in paragraph 193.

194.   The Entities and Gregory Defendants deny the allegations in paragraph 194.

195.   The Entities and Gregory Defendants deny the allegations in paragraph 195.

196.   The Entities and Gregory Defendants deny the allegations in paragraph 196.

197.   The Entities and Gregory Defendants deny the allegations in paragraph 197.

### COUNT XIII (Incorrectly Numbered "Count XII" in Complaint)

### Breach of Contract – Non-Compete Agreements

198.   The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

199.   The Entities and Gregory Defendants admit that Brent Gregory entered into an employment contract.  The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 199 and therefore deny them.

115800071.2

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

LEWIS ROCA

200.    The Entities and Gregory Defendants admit that Brent Gregory entered into an agreement.  The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 200 and therefore deny them.

201.    The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 201 and therefore deny them.

202.    The Entities and Gregory Defendants deny the allegations in paragraph 202.

203.    The Entities and Gregory Defendants deny the allegations in paragraph 203.

204.    The Entities and Gregory Defendants deny the allegations in paragraph 204.

205.    The Entities and Gregory Defendants deny the allegations in paragraph 205.

206.    The Entities and Gregory Defendants deny the allegations in paragraph 206.

207.    Paragraph 207 states a legal conclusion to which no response is required.

### COUNT XIV (Incorrectly Numbered "Count XIII" in Complaint)

### Breach of Contract

208.    The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

209.    The Entities and Gregory Defendants admit that Brent Gregory entered into an employment contract.  The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 209 and therefore deny them.

210.    The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 210 and therefore deny them.

211.    The Entities and Gregory Defendants deny the allegations in paragraph 211.

212.    The Entities and Gregory Defendants deny the allegations in paragraph 212.

213.    The Entities and Gregory Defendants deny the allegations in paragraph 213.

214.    The Entities and Gregory Defendants deny the allegations in paragraph 214.

215.    The Entities and Gregory Defendants deny the allegations in paragraph 215.

## COUNT XV (Incorrectly Numbered "Count XIV" in Complaint)

### Breach of the Covenant of Good Faith and Fair Dealing

216.    The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

217.    Paragraph 217 states a legal conclusion to which no response is required.

218.    Paragraph 218 states a legal conclusion to which no response is required.

219.    The Entities and Gregory Defendants deny the allegations in paragraph 219.

220.    The Entities and Gregory Defendants deny the allegations in paragraph 220.

## COUNT XVI (Incorrectly Numbered "Count XV" in Complaint)

### Unjust Enrichment

221.    The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

222.    The Entities and Gregory Defendants admit that they are not permitted to unjustly enrich themselves.  The Entities and Gregory Defendants deny the remaining allegations in paragraph 222.

223.    The Entities and Gregory Defendants deny the allegations in paragraph 223.

224.    The Entities and Gregory Defendants deny the allegations in paragraph 224.

225.    The Entities and Gregory Defendants admit that they have not paid Plaintiff $1,738,662 because they do not owe Plaintiff $1,738,662.  The Entities and Gregory Defendants deny the remaining allegations in paragraph 225.

226.    The Entities and Gregory Defendants deny the allegations in paragraph 226.

227.    The Entities and Gregory Defendants deny the allegations in paragraph 227.

228.    The Entities and Gregory Defendants deny the allegations in paragraph 228.

## COUNT XVII (Not Numbered in Complaint)

### Declaratory Judgment – Return of Intellectual Property

229.    The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

115800071.2

230. The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 230 and therefore deny them.

231. The Entities and Gregory Defendants admit that Brent Gregory entered into an agreement with Plaintiff. The Entities and Gregory Defendants deny that any agreement states that "all works created, whether patented, trademarked, or copyrighted, were the sole and exclusive property of Plaintiff." The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 231 and therefore deny them.

232. Answering paragraph 232, the Entities and Gregory Defendants admit that Brent Gregory owns five patents. The Entities and Gregory Defendants deny that Plaintiff owns the patents. The Entities and Gregory Defendants affirmatively state that Plaintiff is not listed as an inventor of the patents. The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the patents were "developed" during Brent Gregory's employment with CPS and therefore deny them.

233. The Entities and Gregory Defendants admit that Brent Gregory has refused to surrender his ownership of the patents. The Entities and Gregory Defendants deny any remaining allegations in paragraph 233.

234. The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 234 and therefore deny them.

235. The Entities and Gregory Defendants deny the allegations in paragraph 235.

236. The Entities and Gregory Defendants deny the allegations in paragraph 236.

237. The Entities and Gregory Defendants deny the allegations in paragraph 237.

### COUNT XVIII (Not Numbered in Complaint)

### Temporary Restraining Order

238. The Entities and Gregory Defendants incorporate by reference the foregoing

paragraphs as if fully set forth herein.

239.   The Entities and Gregory Defendants deny the allegations in paragraph 239.

240.   The Entities and Gregory Defendants deny the allegations in paragraph 240.

241.   The Entities and Gregory Defendants deny the allegations in paragraph 241.

242.   The Entities and Gregory Defendants deny the allegations in paragraph 242.

243.   The Entities and Gregory Defendants deny the allegations in paragraph 243.

244.   The Entities and Gregory Defendants deny the allegations in paragraph 244.

245.   The Entities and Gregory Defendants deny the allegations in paragraph 245.

246.   The Entities and Gregory Defendants deny the allegations in paragraph 246.

247.   The Entities and Gregory Defendants deny the allegations in paragraph 247.

248.   The Entities and Gregory Defendants deny the allegations in paragraph 248.

**COUNT XIX (Not Numbered in Complaint)**

**Preliminary Injunctive Relief**

249.   The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

250.   The Entities and Gregory Defendants deny the allegations in paragraph 250.

251.   The Entities and Gregory Defendants deny the allegations in paragraph 251.

252.   The Entities and Gregory Defendants deny the allegations in paragraph 252.

253.   The Entities and Gregory Defendants deny the allegations in paragraph 253.

254.   The Entities and Gregory Defendants deny the allegations in paragraph 254.

255.   The Entities and Gregory Defendants deny the allegations in paragraph 255.

256.   The Entities and Gregory Defendants deny the allegations in paragraph 256.

257.   The Entities and Gregory Defendants deny the allegations in paragraph 257.

**COUNT XX (Not Numbered in Complaint)**

**Permanent Injunctive Relief**

258.   The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

259.   The Entities and Gregory Defendants deny the allegations in paragraph 259.

115800071.2

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

260. The Entities and Gregory Defendants deny the allegations in paragraph 260.

261. The Entities and Gregory Defendants deny the allegations in paragraph 261.

262. The Entities and Gregory Defendants deny the allegations in paragraph 262.

263. The Entities and Gregory Defendants deny the allegations in paragraph 263.

264. The Entities and Gregory Defendants deny the allegations in paragraph 264.

265. The Entities and Gregory Defendants deny the allegations in paragraph 265.

266. The Entities and Gregory Defendants deny the allegations in paragraph 266.

## COUNT XXI (Not Numbered in Complaint)

### Constructive Trust

267. The Entities and Gregory Defendants deny the allegations in paragraph 267.

268. The Entities and Gregory Defendants deny the allegations in paragraph 268.

269. The Entities and Gregory Defendants deny the allegations in paragraph 269.

## COUNT XXII (Not Numbered in Complaint)

### Punitive Damages

270. The Entities and Gregory Defendants incorporate by reference the foregoing paragraphs as if fully set forth herein.

271. The Entities and Gregory Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 271 and therefore deny them. The Entities and Gregory Defendants state that paragraph 271 is vague and ambiguous with respect to the basis for the alleged duty imposed on each Defendant.

272. The Entities and Gregory Defendants deny the allegations in paragraph 272.

273. The Entities and Gregory Defendants deny the allegations in paragraph 273.

274. The Entities and Gregory Defendants deny the allegations in paragraph 274.

275. The Entities and Gregory Defendants deny all allegations in the Complaint that are not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint fails to state a claim for general, specific, or punitive damages against the Entities and Gregory Defendants.

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

115800071.2

2.      Plaintiff's claims are barred, in whole or in part, by statutes of limitations.

3.      This Court lacks jurisdiction over the subject matter of the Complaint because the Civil Rico claims fail as a matter of law and the remaining claims involve state-law causes of action.

4.      Plaintiff's claims are barred by the doctrine of laches.

5.      Plaintiff's claims are barred by the doctrines of estoppel and waiver.

6.      Plaintiff has failed to mitigate its damages.

7.      The injuries and damages allegedly sustained by Plaintiff may have been the sole and proximate result of the actions or conduct of third parties or others for whom the Entities and Gregory Defendants are not responsible, and any recovery must be reduced according to comparative fault principles under A.R.S. § 12-2506.

8.      Plaintiff's recovery is barred in whole or in party by the doctrines of unclean hands and illegality.

9.      The Entities and Gregory Defendants do not knowingly waive any additional affirmative or other defenses and reserve the right to assert such defenses as this matter progresses.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully responded to Plaintiff's allegations, the Entities and Gregory Defendants hereby request that the Court enter an Order as follows:

1.      Dismissing Plaintiff's Complaint with prejudice;

2.      Awarding the Entities and Gregory Defendants their taxable costs pursuant to A.R.S. § 12-341;

3.      Awarding the Entities and Gregory Defendants their attorneys' fees pursuant to A.R.S. §§ 12-341.01 and 12-349;

4.      Awarding such other and further relief as this Court deems appropriate.

115800071.2

DATED this 25th day of October, 2021.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Nicholas Bauman*
    Foster Robberson
    Nicholas Bauman

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ☐ ROCA

115800071.2

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.


/s/ *Patty Vejar*
Employee of Lewis Roca Rothgerber Christie LLP

115800071.2