**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Creative Power Solutions, | No. CV-21-01559-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Energy Services Group, et al., | |
| Defendants. | |

Before the Court is Defendants/Counterclaimants' Motion Regarding Waiver of Attorney-Client Privilege. (Doc. 215.) The motion is fully briefed and, for the reasons set forth below, is granted in part.

**I.  Background**

Plaintiff's complaint contains a claim for declaratory judgment seeking an order requiring Defendant Brent Gregory to sign over to Plaintiff all intellectual property obtained during his employment.[1] (Doc. 10 at 40-41, 50.) The basis of Plaintiff's claim to the subject intellectual property is an "Employee Confidentiality, Work Product Assignment, Noncompetition and Non-Solicitation Agreement" entered in 2008. (*Id.* at 41.) The subject intellectual property consists of five patents that were applied for in 2010. (*Id.*) The issue in dispute, the ownership of the patents, will be determined by the 2008

---

[1] It is not clear to the Court how a *declaratory* judgment claim could permit any greater relief beyond a *declaration* of the parties' rights and obligations, but the incongruity between the nature of the claim alleged and the nature of the relief requested is not material to the present motion.

Agreement. (*Id.*)

In anticipation of disclosing Plaintiff's attorney Shawn White as a non-retained expert witness, Defendants seek a determination that Plaintiff has waived the attorney-client privilege with respect to all communications with White concerning White's representation of Plaintiff and his communications, knowledge, and opinions related to the patents at issue. Defendants base their claim of waiver of the attorney-client privilege on (1) the deposition testimony of Brent Gregory, wherein he states that White advised him not to sign over the patents, (2) Plaintiff's Seventh Supplemental Disclosure Statement, wherein Plaintiff states that some of the documents it might use to support its claims are "Shawn White emails. Bates # CPS 002677-002679; 002757-002759," and (3) the deposition of Majed Toqan, wherein he testified about conversations with White.

## II.     Discussion

The attorney-client privilege protects confidential communications between attorneys and clients regarding the seeking and/or giving of legal advice. *Upjohn Co. v. United States,* 449 U.S. 393, 389 (1981). The voluntary disclosure of privileged communications to third parties will generally result in a waiver of the privilege. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126-27 (9th Cir. 2012). Disclosure of information resulting in the waiver of the attorney-client privilege constitutes waiver "only as to communications about the matter actually disclosed." *Chevron Cor. V. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (quoting *Weil v. Inv./Indicators, Rsch. & Mgmet., Inc.,* 647 F.2d 18, 25 (9th Cir. 1981)).

Defendants claim that Plaintiff's disclosure of emails, White's communication with Gregory, and the disclosure in Toqan's deposition of communications with White relate to the transfer and value of the patents and constitute a complete waiver as to all attorney-client communications on those issues. (Doc. 215 at 5.) A review of those communications reveals that there has been a limited waiver of the attorney-client privilege. However, the waiver is not as expansive as argued by Defendants.

First, the discussion White had with Gregory. If that discussion occurred, the

privilege has been waived as to its entire content. There is no limitation on discovery about what was said in that discussion, but the privilege has not been waived as to anything beyond that.

Second, whatever privilege attached to the contents of the emails disclosed in discovery as evidence Plaintiff might use to support its claim has been waived. Although the identification of documents as potential evidence is not determinative of the documents' relevance at trial, when a party points to documents as evidence it might use at trial, the documents become relevant for discovery purposes. It would not be fair to allow a party to point to a document as relevant evidence and then deny the other side the opportunity to conduct discovery into that document.

A review, however, shows that Defendants' expansive view of the waiver of the attorney-client privilege is not supported by the contents of the emails. Defendants' view that the emails open doors into attorney-client communications about the value of the patents and "corporate governance" is unsupported.

Toqan's email to White dated November 5, 2013, and White's email to Toqan and Gregory dated November 8, 2013, do not contain any substantive factual statements or opinions from White about the value of the patents. Although White makes a commonsense acknowledgment that unless there was some value, Toqan and Gregory would not be making efforts to take the patents to market, he offers no opinion about what that value might be. There has been no waiver of the privilege as it pertains to opinions on value other than the statement that there must be some value. Inquiry into that statement is fair game for examination. In that same email exchange, Toqan expressed an opinion that the technology has no value in its then status. The privilege as to that attorney-client communication has been waived, and Toqan's opinion may be explored. But the email does not support a claim that White has expressed an opinion about the value of the patents such that all attorney-client communications about the value of the patents are discoverable.

As to corporate governance, the emails to and from White and Child dated May 7

1  and 15, 2012, do not open the door to all attorney-client communications regarding all
2  corporate governance. The waiver resulting from the disclosure of those emails goes only
3  to the specific contents of the emails; instructions about completing shareholders and
4  directors minutes each year and the requirement to get directors' approval and written notes
5  and minutes to support money loaned to a shareholder. That advice is narrow, specific, and
6  standard. There is no disclosure of any matter beyond that corporate advice that supports a
7  finding that the privilege has been waived as to all communications regarding corporate
8  governance. Defendants may explore in discovery the contents of the subject emails but
9  may not go beyond what is set forth in the emails.

10     Third, the privilege has been waived as to anything that was discussed in Toqan's
11 deposition about conversations with White.  However, after having reviewed the transcript
12 of Toqan's deposition supplied by Defendants (Doc. 215-1), the Court finds nothing
13 contained in the deposition that amounts to a waiver of the privilege as to any
14 communications outside of those described in the deposition. Defendants may explore the
15 communications discussed in Toqan's deposition but may not go beyond those
16 communications.

17     **IT IS ORDERED** that Defendants/Counterclaimants' Motion Regarding Waiver of
18 Attorney-Client Privilege (Doc. 215) is **GRANTED IN PART** as explained herein.

19     Dated this 3rd day of March, 2025.

_____
Douglas L. Rayes
Senior United States District Judge