**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Creative Power Solutions,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Energy Services Group, et al.,<br><br>　　　　　　Defendants. | No. CV-21-01559-PHX-DLR<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Quash Subpoena Duces Tecum to Messner Reeves LLP. (Doc. 232.) The motion is fully briefed (Docs. 234, 237) and for the reasons set forth herein is granted in part.

On March 7, 2025, Defendants issued a Subpoena Duces Tecum directed to Plaintiff's former counsel, Messner Reeves. The subpoena sought the production of: (1) all communications between Messner Reeves and Plaintiff relating to the patent assignment submitted to the United States Patent and Trademark Office by Messner Reeves for the four disputed patents (the "Patent Assignment"); (2) all internal communications at Messner Reeves relating to the Patent Assignment; and (3) all documents relating to the Patent Assignment. (*See* Doc. 232 at 12.) In this motion, Plaintiff asks the Court to quash the subpoena in its entirety, arguing that everything sought is protected from disclosure by the attorney-client privilege or is attorney work-product.

*Legal Standards*. The attorney-client privilege protects communications between an

attorney and client pertaining to legal advice. *United States v. Ruehle,* 583 F.3d 600, 607 (9th Cir. 2009). Courts typically employ an eight-part test to determine whether the attorney-client privilege applies:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* (quotation and citation omitted). The attorney-client privilege is strictly construed. *Id.*

The attorney work-product privilege is a qualified privilege protecting "documents and tangible things" prepared by a party or its attorney in anticipation of litigation or trial. *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989); Fed. R. Civ. P. 26(b)(3). "[A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). If the documents were created for a dual purpose, that is for litigation and for another non-litigation related purpose, it does not matter whether litigation was a primary or secondary motive behind the creation of a document. Courts must consider "the totality of the circumstances and determine whether the document was created because of anticipated litigation and would not have been created in substantially similar form but for the prospect of litigation." *United States v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011) (quotation and citation omitted). The party claiming work-product protection bears the burden of proving that the work-product privilege applies. *Id. at* 566.

*Item 1*. Defendants argue that because Plaintiff claims it did not authorize Messner Reeves to submit the Patent Assignment, there must not be any attorney-client communications relating to the Patent Applications. Because there are no attorney-client communications, there can be no attorney-client privilege and therefore all communications between Messner Reeves and Plaintiff relating to the Patent Assignment

are discoverable. The Court disagrees with this circular reasoning.

If Plaintiff had no communications with Messner Reeves relating to the Patent Assignment, then there would be nothing for Messner Reeves to produce in response to item 1 in the subpoena. If, on the other hand, Plaintiff communicated with Messner Reeves about the Patent Applications, then those communications would be classic attorney-client privileged communications. The same would be true for miscommunications—which is what appears to have happened here—between clients seeking legal advice and their attorneys. The purpose of the attorney-client privilege is to encourage full and frank communications between attorneys and their clients, thereby promoting broader public interests in the observance of the administration of justice. *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). Should missteps in communications open the door to discovery, the purpose of encouraging full and frank disclosure would be undermined.

Defendants alternatively argue that, even if the privilege exists, Messner Reeves' submission of the Patent Assignment to United States Patent and Trademark Office without Plaintiff's authorization supplies a factual basis to support application of the crime-fraud exception. The declaration and signature page for the Patent Assignment requires the user to acknowledge the accuracy of its representations and that submitting false information is a misrepresentation to the federal government. Defendants argue that, before ruling out application of the crime-fraud exception, the Court should perform an in-camera inspection of these communications.

The Court finds Defendants' crime-fraud exception arguments too thin and speculative to justify piercing the attorney-client privilege or submission of any potentially responsive communications for in-camera review. Plaintiff's motion to quash is granted as to item 1 in the subpoena.

*Item 2.* Plaintiff argues that the materials sought in items 2 of the subpoena are protected by the work-product privilege. But neither the motion nor the reply show that the material requested was prepared in anticipation of litigation or for trial. The party claiming work-product protection bears the burden of proving that the work-product privilege

1  applies. Plaintiff has failed to meet that burden, so its motion to quash is denied as to item
2  2 in the subpoena.
3      *Item 3*. Plaintiff objects in its reply that the documents sought by item 3 in the
4  subpoena are publicly available, and that the request seeks to have Meesner Reeves open
5  its file to Defendants. This argument appears to be inconsistent. If these documents are
6  publicly available, then the Court does not understand how providing those publicly
7  available documents would amount to anyone opening its file. Plaintiff argues that the
8  request subjects it to an undue burden because the documents are publicly available.
9  However, Plaintiff does not explain or describe what the burden is. Showing an
10 unreasonable burden rests with the party resisting the discovery, and Plaintiff has not made
11 that showing. Plaintiff's motion to quash is denied as to item 3 in the subpoena.
12     Given this mixed ruling, Plaintiff's request for attorney fees is denied.
13     **IT IS ORDERED** that Plaintiff's Motion to Quash Subpoena Duces Tecum to
14 Messner Reeves LLP (Doc. 232) is **GRANTED IN PART** and **DENIED IN PART as**
15 explained herein.
16     Dated this 12th day of May, 2025.

Douglas L. Rayes
Senior United States District Judge